IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RARE BREED TRIGGERS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DAIRYLAND DEFENSE SOLUTIONS, LLC, *et al.*, <br><br> *Defendants*. | Case No. 2:25-cv-00852 <br><br> **ANSWER TO COMPLAINT** <br><br> Demand For Jury Trial |

Dairyland Defense Solutions, LLC and Gaven L. Poczekaj, Sr., (collectively, "Defendants") respond to the Complaint of Rare Breed Triggers, Inc. and ABC IP, LLC and (collectively, "Plaintiffs") as follows. For convenience, this Answer uses the headings used in the Complaint; however doing so is not an admission that those headings are correct or appropriate. Every allegation not specifically admitted is denied.

PARTIES

1. Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶2 of the Complaint.

3. Defendants admits that Dairyland Defense is a limited liability company existing under the laws of the state of Wisconsin and that the principal office is located at 307 East Jager Street, Oxford, WI 53952 but denies the remaining allegations of ¶3 of the Complaint.

4. Defendants admit the allegations of ¶4 of the Complaint.

1

## JURISDICTION AND VENUE

5. With respect to ¶5 of the Complaint, Defendants admit that Plaintiffs brought an action for patent infringement but deny that the action has merit.

6. Defendants admit the allegations of ¶6 of the Complaint.

7. Defendants admit the allegations of ¶7 of the Complaint.

8. Defendants admit the allegations of ¶8 of the Complaint.

9. Defendants admit the allegations of ¶9 of the Complaint.

## BACKGROUND

10. With respect to ¶10 of the Complaint, Defendants admit that Plaintiffs' lawsuit asserts direct infringement of U.S. Patent No. 10,514,223 ("the '223 Patent"); U.S. Patent No. 11,724,003 ("the '003 Patent"), 12,036,336 ("the '336 Patent"), and 12,274,807 ("the '807 Patent) (collectively, "the Patents-in-Suit") but deny that the lawsuit has merit. Exhibits A through D to the Complaint are not certified copies of the Patents-in-Suit, so Defendants lack knowledge and information sufficient to form a belief regarding the remaining allegations.

11. With respect to ¶11 of the Complaint, Defendants admit that the '223 Patent issued on December 24, 2019 but deny that the patent was lawfully and properly issued due to its invalidity.

12. With respect to ¶12 of the Complaint, Defendants admit that the '003 Patent issued on August 15, 2023 but deny that the patent was lawfully and properly issued due to its invalidity.

13. With respect to ¶13 of the Complaint, Defendants admit that the '336 Patent issued on July 16, 2024 but deny that the patent was lawfully and properly issued due to its invalidity.

14. With respect to ¶14 of the Complaint, Defendants admit that the '807 Patent issued on April 15, 2025 but deny that the patent was lawfully and properly issued due to its invalidity.

15. With respect to ¶15 of the Complaint, Defendants admit that purported assignments of the Patents-in-Suit to ABC have been recorded at the U.S. Patent and Trademark Office but lack knowledge and information sufficient to form a belief regarding the remaining allegations.

16. Defendants deny the allegations of ¶16 of the Complaint.

## The Invention

17. Defendants admit that the background of an AR15-pattern firearm is set forth in ¶17 of the Complaint.

18. With respect to ¶18 of the Complaint, Defendants admit that the disconnector (in a standard AR-pattern firearm) holds the hammer in a cocked position until the trigger sear can engage the hammer. In a standard semiautomatic AR-pattern firearm (*i.e.*, with no modified or customized components), this prevents the firearm from either firing multiple rounds on a single pull of the trigger or from allowing the hammer to follow the bolt carrier as it returns to battery.

19. With respect to ¶19 of the Complaint, Defendants admit that at least some forced-reset trigger designs utilize the cycling of the bolt carrier to cause the trigger member to be forced to the reset position (even where the user is maintaining and has not released pressure on the trigger).

20. Defendants deny the allegations of ¶20 of the Complaint.

21. Defendants deny the allegations of ¶21 of the Complaint.

22. Defendants admit that claims of the patents define the scope of the claimed invention. Defendants deny the remaining allegations of ¶22 of the Complaint.

## The Infringing Devices

23. Defendant Dairyland Defense admits that it used to sell a three-position safety selector and has not sold any since at least April 15, 2025. Defendants deny the remaining

3

Case 2:25-cv-00852-LA    Filed 08/29/25    Page 3 of 7    Document 7

allegations of ¶23 of the Complaint.

24. Defendant Dairyland Defense admits that it promoted on Facebook. Defendants deny the remaining allegations of ¶24 of the Complaint.

25. Defendants deny the allegations of ¶25 of the Complaint.

26. Defendants deny the allegations of ¶26 of the Complaint.

27. Defendants deny the allegations of ¶27 of the Complaint.

28. Defendants deny the allegations of ¶28 of the Complaint.

29. Defendants deny the allegations of ¶29 of the Complaint.

## COUNT I – DIRECT INFRINGEMENT OF THE '223 PATENT

30. Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

31. Defendants deny the allegations of ¶31 of the Complaint.

32. Defendants deny the allegations of ¶32 of the Complaint.

33. Defendants deny the allegations of ¶33 of the Complaint.

34. Defendants deny the allegations of ¶34 of the Complaint.

35. Defendants deny the allegations of ¶35 of the Complaint.

36. Defendants deny the allegations of ¶36 of the Complaint.

37. Defendants deny the allegations of ¶37 of the Complaint.

## COUNT II – DIRECT INFRINGEMENT OF THE '003 PATENT

38. Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

39. Defendants deny the allegations of ¶39 of the Complaint.

40. Defendants deny the allegations of ¶40 of the Complaint.

41. Defendants deny the allegations of ¶41 of the Complaint.

42. Defendants deny the allegations of ¶42 of the Complaint.

43. Defendants deny the allegations of ¶43 of the Complaint.

44. Defendants deny the allegations of ¶44 of the Complaint.

COUNT III – DIRECT INFRINGEMENT OF THE '336 PATENT

45. Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

46. Defendants deny the allegations of ¶46 of the Complaint.

47. Defendants deny the allegations of ¶47 of the Complaint.

48. Defendants deny the allegations of ¶48 of the Complaint.

49. Defendants deny the allegations of ¶49 of the Complaint.

50. Defendants deny the allegations of ¶50 of the Complaint.

51. Defendants deny the allegations of ¶51 of the Complaint.

COUNT IV – DIRECT INFRINGEMENT OF THE '807 PATENT

52. Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

53. Defendants deny the allegations of ¶53 of the Complaint.

54. Defendants deny the allegations of ¶54 of the Complaint.

55. Defendants deny the allegations of ¶55 of the Complaint.

56. Defendants deny the allegations of ¶56 of the Complaint.

57. Defendants deny the allegations of ¶57 of the Complaint.

58. Defendants deny the allegations of ¶58 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants have not infringed and do not infringe any valid and enforceable claim of the Patents-in-Suit.

3. The asserted claims of the Patents-in-Suit do not meet the statutory requirements of the Patent Act, 35 U.S.C. §101 et seq., and thus are invalid.

4. Plaintiffs have failed to plead and prove compliance with 35 U.S.C. §287, thus limiting any damages that they may recover.

5. Plaintiffs' claims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

6. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

7. Plaintiffs are not entitled to injunctive relief as they, at minimum, have not suffered any irreparable injury.

8. Defendants' conduct was not the proximate cause of Plaintiffs' alleged damages.

9. Pursuant to Federal Rule of Civil Procedure 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore Defendants reserve their right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants the same.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Dated: August 29, 2025                           Respectfully submitted,

<u>/s/ Stephen M. Cox</u>

HALLING & CAYO, S.C.

<u>Electronically signed by: Stephen M. Cox</u>
Stephen M. Cox
State Bar No. 1086607

320 E. Buffalo St., Suite 700
Milwaukee, WI 53202
Telephone: (414) 271-3400
Facsimile:  (414) 271-3841
smc@hallingcayo.com


John M. Skeriotis
(admission application forthcoming)
jms@etblaw.com
**EMERSON, THOMSON & BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile

*Attorneys for Defendants*

7